# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-16V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
ROBERT KIRK COLLIER, JR.,           *    Special Master Oler
                                    *
                                    *    Filed: January 26, 2018
                    Petitioner,     *
        v.                          *    Petitioner's Motion for a Decision;
                                    *    Dismissal of Petition; Vaccine
SECRETARY OF HEALTH                 *    Act; Denial Without Hearing.
AND HUMAN SERVICES,                 *
                                    *
                    Respondent.     *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Randall G. Knutson*, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.

*Althea Walker Davis*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### **DECISION DISMISSING CASE FOR INSUFFICIENT PROOF**[1]

On January 4, 2017, Robert Kirk Collier, Jr. filed a petition seeking compensation under the National Vaccine Injury Compensation Program,[2] alleging that he developed Guillain-Barré Syndrome as a result of an influenza vaccination that he received on October 12, 2013. Petition, dated January 4, 2017 (ECF No. 1).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed his Statement of Completion on March 21, 2017.  ECF No. 10.  Thereafter, Respondent filed a Rule 4(c) Report on August 2, 2017, contesting Petitioner's right to damages, and requesting dismissal of the claim.  ECF No. 15.  Petitioner filed a reply to Respondent's Rule 4(c) Report on September 5, 2017, addressing the issue of whether any of the procedures that Petitioner underwent constitute a surgical intervention under the Act.  ECF No. 17.

The undersigned gave Petitioner a deadline of January 5, 2018, to file his brief and supporting documentation concerning whether the procedures Petitioner underwent constitute a surgical intervention, as well as Petitioner's position on the definition of surgical intervention.  Order, dated December 19, 2017 (ECF No. 24).  Petitioner instead filed a status report on January 5, 2018, informing the Court of his intent to prepare a motion to dismiss due to the fact that Petitioner did not undergo a surgical procedure under the Act.  ECF No. 26.

On January 25, 2018, Petitioner filed the present motion to dismiss his non-table claim, indicating that "[a]n investigation of the facts and science supporting his case has demonstrated to [the Petitioner] that he will be unable to prove that he is entitled to compensation in the Vaccine Program."  *See* Petitioner's Motion for a Decision Dismissing His Petition, dated January 25, 2018 (ECF No. 27).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* Sections 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  Section 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and in accordance with his motion, must be dismissed.  Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/ Katherine E. Oler<br>
Katherine E. Oler<br>
Special Master